ETHEL McLAIN, complainant,

*v.*

JOHN R. DEY, surviving executor, &c., et al., defendants.

[Decided June 1st, 1925.]

**Trusts—Beneficiary of an Estate Executed a Document Placing His Share in Hands of Executor to be Used at a Certain Time For the Purchase of a Home When Himself and Wife Decided Upon a Suitable Place, Also Other Provisions— Home Never Procured, Husband Left Wife, Wife Convicted of Adultery—Fund Held to be a Trust Fund For Use of Wife and Family, Remainder, if Any, to go to Beneficiary.**

On final hearing.

*Messrs. Joseph M. Roseberry & Son,* for the complainant.

*Mr. John W. Slocum,* for the defendant Dey, executor.

BUCHANAN, V. C.

John R. Dey, as surviving executor of James McLain, deceased, has completed the administration of decedent's estate and made distribution to the legatees, with the exception of the share or legacy payable under the will to Randolph McLain, mounting to $2,165.38 (plus some recent accruals of income thereon). This sum was not paid over by the executor because of an instrument entitled an assignment, executed by the said Randolph McLain prior to the distribution period. This instrument is as follows:

"This indenture, made this eleventh day of August, 1919, by Randolph McLain, witnesseth. That in consideration of one dollar and other consideration duly paid, I, Randolph McLain, do hereby assign, turn over and direct to be held by John R. Dye, of Passaic, New Jersey, guardian for me or by whatever authority he holds and controls a certain legacy of $900, or whatever amount the right sum may be

held for me as part of the estate of James McLain, deceased, late my father, and I do order and direct that the said John R. Dye hold the said money until the youngest child of said James McLain shall arrive at the age of twenty-one years; and then when the same is payable that he still hold the same until said Randolph McLain and his wife, Ethel McLain, decide to buy a house and lot suitable for a home for them, and then the money to be paid over to said Ethel McLain to be used and put into said house and lot, and the same and the title thereto to be put in the name of Ethel McLain so that there will be a home for my said wife and family; and also that if the said Randolph McLain shall leave his wife and family that the said money, or the said house and lot, is to be received and used by said wife, Ethel McLain, as a support of or home for the family.

"This I do voluntarily, with an intent that the said money, when due, shall go to and be used for the support of my said wife and family so long as they need the same, or any part of the said money or lot so remains.

"And I ask that the said John R. Dye, guardian, shall and will properly carry out this assignment and order by me."

The contention of complainant (the wife of Randolph Mc-Lain) is that she is entitled to the legacy as an assignee under this instrument. I am unable to concur. It seems to me that the instrument is a deed of trust, whereby Randolph McLain assigned this legacy to John R. Dey, as trustee, to hold and disburse according to the trust purposes therein declared.

It appears by the evidence that the youngest child of James McLain has arrived at the age of twenty-one; that no house and lot was ever bought, or decided to be bought, by Randolph McLain and his wife; that Randolph McLain has, in fact, deserted or left his wife and family.

Under these circumstances, and under the intent and meaning of the trust deed, the trust fund is to be used for the support of the wife and children of Randolph McLain, notwithstanding that the wife has been convicted of adultery, and the children (of whom there are three—Wallace, Dorothy and Alfred, all minors) have been taken from her custody and placed with their maternal grandparents, who are, however, unable to support them adequately without assistance, even if they were liable so to do.

It is the duty of the trustee to apply this fund according to his sound judgment, including principal as well as income, if necessary for the purpose, to the reasonable needs of the wife and children for adequate support, during the lives of them, and the survivors and survivor of them. The remainder, if any, at the death of the last survivor, would be payable to Randolph McLain, or his executors or administrators.

All parties have been brought into court, and a decree will be made establishing the trust as hereinbefore set forth, and directing the fund to be paid over by the defendant John R. Dey, as executor to himself as trustee under this trust, and to file an inventory of the trust fund in this court in this cause. The costs of all parties may be paid out of the fund.